UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:25-CV-00073-MEO-DCK

| | |
|---|---|
| KIMBERLY FEYTH WALKER, | |
| Plaintiff, | |
| v. | MEMORANDUM & ORDER |
| SMART TILE, INC., BOND JONES, AND JACK HUNTER, | |
| Defendants. | |

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss (Doc. No. 8). For the reasons explained below, the Court will grant Defendants' motion and dismiss Plaintiffs' claims without prejudice.

## I.    BACKGROUND

Plaintiff, proceeding pro se, filed this action on May 12, 2025. She claims she developed a ride-sharing app in 2020 and that she owns "U.S. Patent No. 18/196,064, titled 'Ride Share requiring approvals'" pertaining to this app. (Doc. No. 1 at 5). Plaintiff alleges that "[i]n May 2021, she shared her invention and business ideas with the Defendant under the understanding that [their] conversations were confidential and protected," and that she "confirmed this understanding during recorded calls." (Doc. No. 1 at 5). According to Plaintiff, the Defendant later used her invention, without her permission, "to create or support a similar product or service currently in use on ride-sharing platforms," and she was never included, credited, or paid for that use. (Doc. No. 1 at 5).

Plaintiff sued four parties over this alleged betrayal of trust: Smart Tile, Inc.; its Chief Technology Officer, Jack Hunter; its Chief Executive Officer, Bond Jones (also identified as Burnham Bond Jones); and Debra K. Weiner, an attorney with the firm Murphy & Weiner, P.C. (Doc. No. 1 at 1–2). Plaintiff previously dismissed her claims against Weiner, leaving the remaining three defendants in this lawsuit. Throughout her Complaint, however, Plaintiff does not distinguish among them. Each of her four claims refers only to "the Defendant" in the singular, without identifying which of the four is meant. (Doc. No. 1 at 5).

Plaintiff frames this case as one where she lost control of something valuable through misplaced trust. She alleges she has "lost protection over key features" of her intellectual property, that she can no longer compete because "other platforms have adopted critical aspects" of her app, and that her invention has been diminished in value as a result. (Doc. No. 1 at 4). She adds, in the same section of her Complaint, that she was advised by her attorney that she "could face potential legal action developing my application." (Doc. No. 1 at 4).

From this account, Plaintiff advances four causes of action, each pled against the same undifferentiated "Defendant."

In Clam 1, for patent infringement, Plaintiff alleges that she owns U.S. Patent No. 18/196,064, and that the Defendant infringed it by using her invention without permission or compensation. (Doc. No. 1 at 5).

In Claim 2, for misappropriation of trade secrets, Plaintiff alleges that she disclosed confidential technical and business details — the "features, flow, and

2

structure" of her invention—to the Defendant during their 2021 development discussions, and that the Defendant used that information without her permission or compensation. (Doc. No. 1 at 5).

In Claim 3, styled as a claim for breach of a confidential relationship, Plaintiff alleges that the Defendant "agreed to confidentiality" when the parties began working together, that she relied on that agreement, and that the Defendant "broke that trust by using my invention for their own purposes without notice, approval, or payment." (Doc. No. 1 at 5).

In Claim 4, for unjust enrichment, Plaintiff alleges that the Defendant "financially benefited from using my invention without including or compensating me," and that it would be unfair for the Defendant to keep those benefits while she "receive[s] nothing." (Doc. No. 1 at 5).

For relief, Plaintiff asks the Court to award her damages exceeding $75,000 for lost income and business harm, to enjoin further use of her invention, to remove another individual's name as inventor and replace it with her own, and to award her attorney's fees and costs. (Doc. No. 1 at 5).

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient.[1] Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 570; *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd sub nom. Coleman v. Ct. of Appeals of Md.*, 566 U.S. 30 (2012). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . 'unwarranted inferences, unreasonable conclusions, or arguments.'" *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). Construing the facts in this manner, a complaint must only contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (citation modified). Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

Further, this Court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the Court

---

[1] Defendants move for dismissal under Rules 12(b)(2), 12(b)(5), and 12(b)(6). The Court does not address the 12(b)(2) or 12(b)(5) arguments considering the reasons for dismissal are clear under Rule 12(b)(6) without regard to service or personal jurisdiction.

4

can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Iqbal*, 556 U.S. at 684 (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

## III. DISCUSSION

### A. Claim 1 – Patent Infringement

A claim for patent infringement requires that Plaintiff have a patent. Plaintiff does not have one—at least according to her Complaint.

The exhibit Plaintiff offers as proof of ownership is titled, in plain type at the top of the page, "UNITED STATES PATENT APPLICATION." (ECF No. 1-3, at 1). An application is a request; it is not a grant. Nothing in the record shows the USPTO ever issued Plaintiff a patent, and the number she cites is typical of an application serial number, not an issued patent number.

Plaintiff's own pleading leads to the same conclusion. Plaintiff states that her attorney warned she "could face potential legal action" if she developed her application. (Doc. No. 1 at 4). This statement is inconsistent with the existence of a granted patent conferring exclusive rights in her favor; a party who holds an issued patent is not exposed to liability for practicing her own claimed invention. The Court is not required to accept a legal conclusion of ownership that the Plaintiff's own complaint contradicts. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).

Rule 8 requires enough factual content to make liability plausible, not just assumed. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. Plaintiff has not cleared

that bar, and the document she relies on works against her rather than for her.

Still, the Court cannot say with certainty that no amendment could cure this defect—Plaintiff may be able to allege facts clarifying the status of her application or identifying a properly issued patent, if one exists. Dismissal at the pleading stage on this ground does not foreclose that possibility. Therefore, the Court will dismiss Claim 1 without prejudice, with leave to amend to allege facts establishing ownership of a validly issued patent, if such facts exist.

### B. Claim 2 – Misappropriation of Trade Secrets

Four defendants were originally named in this suit.[2] Only one "Defendant" appears in Plaintiff's factual allegations. *See* (Doc. No. 1-1 at ¶ III) ("I shared confidential technical and business details with the Defendant... The Defendant later used this information..."). This creates a problem under Rule 8.

A complaint must notify each defendant of the accusations against them. It cannot leave three parties to guess which one or more the various allegations target. *See Twombly*, 550 U.S. at 555 (pleading must give fair notice of the claim and its grounds). Smart Tile, Inc., Jack Hunter, and Bond Jones occupy different roles—a company, a CTO, and a CEO. The Complaint does not say which of them received Plaintiff's information, which used it, or how. Notice requires more than a singular pronoun standing in for three distinct parties.

This is a pleading deficiency, not a merits ruling. The Court expresses no view on whether the underlying trade secret allegations would otherwise hold up if

_____

[2] Plaintiff previously dismissed the outside counsel from this action, leaving three remaining defendants.

properly focused. The Court will dismiss Claim 2 without prejudice, with leave to amend to provide further detail and specificity as to the allegations and defendants.

### C. Claim 3 – Breach of Confidential Relationship

As pled, "breach of a confidential relationship" is not an independent cause of action under federal law or the law of North Carolina. Defendants represent that a diligent search of federal law, North Carolina statutory law, and the North Carolina pattern jury instructions found no such tort, and Plaintiff's response does not identify one either. The Court has found no North Carolina cause of action with this title either.

Because Plaintiff proceeds pro se, however, the Court construes her Complaint liberally and looks to the substance of what she alleges, rather than the label she assigns it. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993) (complaint viewed in the light most favorable to the plaintiff). Plaintiff alleges that "the Defendant agreed to confidentiality when we began working together," that she "relied on that trust," and that "the Defendant broke that trust by using my invention for their own purposes without notice, approval, or payment." (Doc. No. 1 at 5). That is, in substance, an allegation that a relationship of trust and confidence existed, that a Defendant took advantage of that relationship to Defendant's own benefit, and that Plaintiff was injured as a result—which North Carolina recognizes as the elements of constructive fraud. *White v. Consol. Planning, Inc.*, 166 N.C. App. 283, 294, 603 S.E.2d 147, 156 (2004). The Court accordingly construes Claim 3 as a claim for constructive fraud.

So construed, Claim 3 suffers from the same defect as Claim 2. Plaintiff refers throughout to a single, unidentified "Defendant," despite naming four separate parties in this action—a corporate entity, a Chief Technology Officer, a Chief Executive Officer, and outside counsel. Constructive fraud requires a relationship of trust and confidence with an identifiable party and that party's exploitation of it. That showing cannot be made against an undifferentiated group. Nothing in the Complaint indicates which defendant is alleged to have entered into a confidential relationship with Plaintiff, or which defendant is alleged to have exploited it. Each defendant is left to guess whether the claim is directed at it individually, at some subset of defendants, or at all of them collectively. This deprives each defendant of the fair notice Rule 8(a)(2) requires. *See Twombly*, 550 U.S. at 555.

The Court, therefore, construes Claim 3 as a claim for constructive fraud and will dismiss it without prejudice, with leave to amend to identify the specific defendant or defendants alleged to have held a relationship of trust and confidence with Plaintiff and how they allegedly exploited it.

### D. Claim 4 – Unjust Enrichment

Claim 4 presents the same problem as Claims 2 and 3. Plaintiff alleges "[t]he Defendant has financially benefited from using my invention"—again, a statement in the singular without differentiating among the three defendants. (Doc. No. 1 at 5).

Unjust enrichment requires a benefit conferred on a specific party. *Booe v. Shadrick*, 322 N.C. 567, 570 (1988). That element cannot be pled in the abstract; the Court needs to know who allegedly kept what benefit before it can order anyone to

give it back. As with Claims 2 and 3, naming multiple defendants and then describing the conduct of one unnamed "Defendant" fails to put any individual defendant on notice of what it must defend against. *Twombly*, 550 U.S. at 555.

Therefore, the Court will dismiss Claim 4 without prejudice, granting Plaintiff leave to amend to specify which Defendant received the alleged benefit and how.

## IV.    CONCLUSION

Plaintiff might have valid underlying legal claims to plead. But as things stand, her Complaint fails to state a claim under the pleading requirements. The Court will grant Defendants' Motion to Dismiss and dismiss without prejudice Plaintiff's Complaint, but will grant Plaintiff leave to file an Amended Complaint within thirty (30) days of the date of this Order.

**IT IS, THEREFORE, ORDERED** that:

1. Defendants' Motion to Dismiss (Doc. No. 8) is **GRANTED**;

2. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**;

3. Plaintiff may file an Amended Complaint within thirty (30) days of the date of this Order; and

4. The Clerk of Court is directed to **CLOSE** this case unless, within thirty (30) days, Plaintiff timely files an Amended Complaint, whereupon the case **SHALL BE REOPENED**.

**SO ORDERED.**

Signed: July 24, 2026

Matthew E. Orso
United States District Judge

9